# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**ANGELA SCHENBURN Individually and
on behalf of all others similarly situated who
consents to their inclusion in a collective
action,**

**Plaintiff,**

**-vs-**                                        **Case No.  2:11-cv-98-FtM-99DNF**

**BIG LOTS STORES, INC.,**

**Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the parties' Joint Motion for Approval of FLSA

Settlement (Doc. 88) filed on July 24, 2012, and the parties Notice of Filing (Doc. 90) filed on July

27, 2012, which contained the parties' Settlement Agreements.  The Plaintiff, Angela Schenburn and

the Opt-In Plaintiffs, Richard DeLeon, Richard Guzman, Brian Peffer, and Harry Robbins, and the

Defendant, Big Lots Stores, Inc. are requesting that the Court approve the parties' settlement of the

Fair Labor Standards Act ("FLSA") claim[1]. (See, Consents to Join, Doc. 26, 31, 41, 42).  To approve

the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution

_____

[1] The Plaintiff and Richard DeLeon are parties in other lawsuits.  (See, e.g. Doc. 90-1, p. 1,
¶1).  The Plaintiff and Richard DeLeon have asserted claims other than the claim in the instant
case, but the Settlement Agreements provided to the Court only pertain to the instant case, and the
other claims and cases will be resolved in separate agreements.  (See, e.g., doc. 90-1, p. 2,
¶2(A)(ii).

of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff and Opt-In Plaintiffs claim that they worked for the Defendant as assistant store managers, and the Defendant failed to compensate them appropriately for the time they worked in the stores, and misclassified assistant store managers as exempt employees under the FLSA. At the outset of the case, Angela Schenburn claimed that she worked 20 hours overtime each week and was entitled to a total claim of $28,643.16. (See, Doc. 18, p. 3). The Defendant denies any wrongdoing and denies any violation of the laws. (See, *e.g.* Doc. 90-1, p. 4, ¶10). The parties agree to settle "solely from the

Parties' desire to save litigation costs and further attorneys' fees." (See, *e.g.* Doc. 90-1, p. 4). The parties decided to settle this matter with the Defendant agreeing to pay Angela Schenburn $2,500.00, Richard DeLeon $2,500.00, Richard Guzman $2,500.00, Brian Peffer $2,500.00, and Harry Robbins $2,500.00. (See, *e.g.* Doc. 90-1, p. 7)[2]. These amounts include lost wages, and liquidated damages. (See, *e.g.* Doc. 90-1, p. 3, ¶2C).

The parties negotiated attorneys' fees in the amount of $17, 500.00 to be paid to the Plaintiff's and Opt-In Plaintiff's counsel.[3]  The Court notes that the parties did not provide information as to whether attorney's fees were negotiated separately from the settlement with the Plaintiff and Opt-In Plaintiffs. *See*, *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009). The Court is familiar with this case, and the many issues concerning amending the complaint and with discovery. An in-depth analysis of an attorney fee request is not necessary in FLSA cases unless it is unreasonable on the face of the documents. *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (citing *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)). In the instant case, the attorney fee request is not unreasonable on its face. Based upon a review of the file, the Court finds that $17,500.00 is a reasonable amount for attorney's fees.

---

[2]  The Settlement Agreements (Doc. 90-1) provide for payments to the Plaintiff and Opt-In Plaintiffs only if they sign releases. (See, *e.g.* Doc. 90-1, p. 1, ¶2A). Attached to the Settlement Agreements are the signed Releases of Claims by the Plaintiff and Opt-In Plaintiffs. (See, *e.g.* Doc. 90-1, p. 8). The Court will review the Settlement Agreements for reasonableness without regard to the conditional language concerning the execution of the releases.

[3]  The amount of attorney's fees is also contingent upon the Plaintiff and Opt-In Plaintiffs agreeing to sign the Releases. (See, *e.g.* Doc. 90-1, p. 2, ¶2B). The Court will review the attorney's fee request without regard to the conditional language concerning the execution of the releases.

**IT IS RESPECTFULLY RECOMMENDED:**

1)  That the Joint Motion for Approval of FLSA Settlement (Doc. 88) be granted and the FLSA Settlement Agreements  (Doc.90) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) That if the Court adopts this Report and Recommendation, then the parties be required to file a stipulation of dismissal with the Court within seven (7) days.

3) That the Motion for Judgment on the Pleadings (Doc. 32) and the Amended Motion for an Order Permitting Supervised Notice of This Action to Potential Op-In Plaintiffs and Conditional Certification of this Case as a State of Florida Collective Action (Doc. 73) be denied.

4) That the Final Pretrial Conference set for August 20, 2012, and the trial set for the September trial term be canceled.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___7th___ day of August, 2012.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-4-